**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THEODORE BROWN, | : | Civil No. 05-3331 |
| Petitioner, | : | **OPINION** |
| v. | : | |
| UNITED STATES, | : | |
| Respondent. | : | |

**Appearances:**

Theodore Brown
United States Penitentiary Canaan
PO Box 300
Waymart, PA 18472
    Petitioner pro se

Christopher J. Christie, Esquire
United States Attorney
By:   William E. Fitzpatrick, Esquire
       Renèe M. Bumb, Esquire
Camden, NJ
    Attorney for Respondent

**RODRIGUEZ,** Senior District Judge:

This matter comes before the Court on a Petition for Redress of Grievance [1] filed by Petitioner.

1

For the reasons that follow, the petition will be denied.

## **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Petitioner is a prisoner incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania.  On July 1, 2005, Petitioner filed in this Court a "Petition for Redress of Grievances," challenging his federal sentence and seeking immediate release.  The Clerk of this Court docketed the petition as one for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner challenges a sentence of 188 months imposed by this Court, in a judgment filed on September 29, 1997, and affirmed by the United States Court of Appeals for the Third Circuit on August 7, 1998.  See United States v. Brown, Crim. No. 96-534 (D. N.J. filed Sept. 13, 1996).  Petitioner asserts that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005), and that he previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his sentence in the United States District Court for the Western District of Pennsylvania, which the court dismissed for lack of jurisdiction.  See Brown v. Warden F.C.I. McKean, Civil No. 01-202 order (W.D. Pa. March 14, 2003).

## **DISCUSSION**

Although Petitioner filed for relief under the title "Petition for Redress of Grievances," the Court lacks jurisdiction over such a motion or petition because no such procedural mechanism exists.  Therefore, the Court will address Petitioner's claims under 28 U.S.C. §§ 2241 and 2255.

**A.  28 U.S.C. § 2241**

This Court lacks jurisdiction over Petitioner's challenge to his sentence under 28 U.S.C. § 2241.  Federal law provides that "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  Personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  This Court lacks personal jurisdiction under 28 U.S.C. § 2241 over the custodian of the Petitioner, who is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

**B.  28 U.S.C. § 2255**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  As the sentencing court, this Court has jurisdiction over Petitioner's motion to vacate the sentence under 28 U.S.C. § 2255.  However, to date, Petitioner has not filed a motion to vacate his sentence under 28 U.S.C. § 2255.

This Court may not recharacterize Petitioner's pleading as a motion to vacate the sentence under 28 U.S.C. § 2255 without warning Petitioner that a recharacterization

means that any subsequent § 2255 motion will be subject to the statutory restrictions on "second or successive" § 2255 motions and giving him an opportunity to withdraw the "Petition for Redress of Grievances" to avoid recharacterization as a § 2255 motion or to amend it so that it contains all the § 2255 claims Petitioner believes he has. See Castro v. United States, 540 U.S. 375 (2003); United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

The Court provided the required notices to petitioner in an Order dated October 19, 2005. The Order provided Petitioner the opportunity to advise the Court that he could proceed in one of three ways: (1) to have the petition recharacterized; (2) to have the petition dismissed without prejudice; and (3) to have the petition ruled upon s filed, with the understanding that the petition may be recharacterized as a § 2255 petition. After a thirty-day extension of the original forty-five day time period, Petitioner notified the Court, by letter dated January 3, 2006, that he wished to proceed under option 3, above, and "submit the pleadings before this Court for consideration 'AS IS.'"[1]

---

[1] Petitioner also asked the Court to consider his pleadings liberally pursuant to Haines v. Kerner, 404 U.S. 519 (1972). Pro se submissions, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), reh'g denied, 429 U.S. 1066 (1977); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys). Therefore, when receiving a pro se submission from a habeas petitioner, the habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); United States v. Brierly, 414 F.2d 552, 555 (3d Cir. 1969) (We should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read with a measure of tolerance. It is the policy of courts

**1.  Timeliness of Petition**

Title 28 U.S.C. § 2255 states, in pertinent part, that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6 (1996).

Here, Petitioner's conviction became final in October of 1998.[2]  Therefore, the statute of limitations ran on Petitioner's § 2255 claims in October of 1999.  Because Petitioner filed this request for relief on July 1, 2005, the petition is time-barred.[3]

---

to give a liberal construction to pro se habeas petitions. (citations omitted)) cert. denied, 399 U.S. 912 (1970).

[2] A conviction becomes final when certiorari expires, which is ninety days from the entry of judgment or denial of a rehearing petition.  See SUP. CT. R. 13.1; see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).  Petitioner's conviction and sentence was affirmed by the Third Circuit on July 15, 1998.  Therefore, the conviction became final in October of 1998.

[3] To the extent United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), requires this Court to provide Petitioner with notice and an opportunity to respond before dismissing pursuant to the statute of limitations, the Court will address the merits of his substantive claims–an illegal sentence pursuant to United States v. Booker, 543 U.S. 220 (2005), and ineffective assistance of counsel.

Accordingly, the Petition will be dismissed.

**2.  Challenge of sentence and incarceration**

Petitioner challenges his federal sentence as unconstitutional under United States v. Booker, 543 U.S. 220 (2005).  However, in Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Cirucit held that Booker "does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued."  Here, the judgment was final in October of 1999.  Therefore, Petitioner's Booker argument must be rejected.

**3.  Ineffective Assistance of Counsel**

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient and that he was prejudiced by the deficiency.  Strickland v. Washington, 466 U.S. 668, 686 (1970).  There is, therefore, a two pronged test.  First, Petitioner must show that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687, such that counsel's representation fell "outside the wide range of professionally competent assistance," id. at 690.  Second, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Finally, a reviewing court need not determine that the first prong has been met before addressing the second.  Id. at 697 (holding that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice, which we expect will often be so, that course should be followed").

Petitioner argues that his trial counsel was ineffective because he failed to argue to the Court that the government had entered into a contractual agreement to dismiss four of the five counts, and because he failed to argue that the relevant conduct should not be used to enhance his sentence. However, Petitioner pled guilty to possession with intent to distribute, which is subject to a maximum penalty of twenty years imprisonment. See 21 U.S.C. § 841(a)(1)(b)(3). Moreover, it is well-settled that a sentencing court may consider certain relevant conduct in calculating the sentencing guideline range, even where that conduct was not ruled upon by the jury or where the jury found in favor of the defendant. United States v. Watts, 519 U.S. 148 (1997) (holding that the sentencing court may consider conduct of which defendant has been acquitted, so long as that conduct has been proved by a preponderance of the evidence). Therefore, Petitioner cannot show that the result of the proceeding would have been different.

**C. Evidentiary Hearing**

The district courts are given discretion in determining whether to hold an evidentiary hearing on a habeas petition under 28 U.S.C. § 2255. See Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the

7

allegations.  See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994).  Accordingly, a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without a hearing where the "motion, files, and records, 'show[] conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).  The Court finds, based on the analysis above, that the record evidence conclusively demonstrates that the Petitioner is not entitled to the relief sought.  Accordingly, Petitioner's application will be denied without an evidentiary hearing.

## CONCLUSION

Based on the foregoing, the Petition for Redress of Grievances [1] will be dismissed.

An appropriate Order will issue this date.

/S/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ, U.S.D.J.

DATED: March 15, 2006